**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| FRANCISCO CHAVEZ RIVERA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 5:26-cv-06846-DFM<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Francisco Chavez Rivera, proceeding through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his civil immigration detention beginning October 20, 2026. See Dkt. 1 ("Petition"). Respondents answered. See Dkt. 9 ("Answer"). Petitioner replied. See Dkt. 10.

For the reasons stated below, the Petition is **GRANTED** in part. Respondents shall immediately release Petitioner Francisco Chavez Rivera (A# 246-062-747) on the conditions of release, if any, in effect immediately before his October 20, 2026 detention.

## II. BACKGROUND

Petitioner has resided in the United States for years. See Petition ¶ 2 (alleging residence for over ten years); Answer at 1 (alleging entry in 1997).

Respondents state that Petitioner is a citizen of Guatemala who entered the United States without inspection in 1997. See Answer at 1.

On or about October 20, 2026, Petitioner was taken into immigration custody. See id. at 1; Petition ¶ 3 & Ex. C ¶¶ 3-13. Petitioner states that the arrest occurred shortly before 7:00 a.m., when he was walking on the sidewalk near his home. See Petition, Ex. C ¶ 3. According to Petitioner, he heard people yelling and initially did not realize they were talking to him. See id. ¶ 4. He describes being surrounded by officers and cars, putting his hands up, being grabbed, being handcuffed, and being questioned repeatedly about his papers; Petitioner "did not respond." Id. ¶¶ 4-12. Petitioner states that he did not run. See id. ¶ 6. Petitioner states that the agents never verbally identified themselves as law enforcement or told him why he was under arrest; it was not until he was being processed in a building that they told him it was immigration enforcement. See id. ¶ 13.

The record does not include an administrative or judicial warrant, a Notice to Appear, or a Form I-213. Petitioner states that he is in removal proceedings pending before the Immigration Court. See Petition ¶ 4 & Ex. B. According to the Executive Office of Immigration Review Automated Case Information ("EOIR ACIS"), Petitioner's "case is pending" with a hearing scheduled for November 30, 2026. See https://acis.eoir.justice.gov/en/ (search A-Number: "246062747," Nationality: "Guatemala") (last accessed November 23, 2026). EOIR ACIS also states: "No appeal was received for this case." Id.

Petitioner alleges that he was not provided evidence of an arrest warrant, nor was there an individualized assessment of flight risk. See Petition ¶¶ 21-22. Petitioner alleges that he was not served with a Notice to Appear before being arrested and no initial decision was made by Respondents about his detention. See id. ¶¶ 22-24. Petitioner remains detained at the Desert View Facility in

Adelanto, California. See id. ¶ 19; https://locator.ice.gov/odls/#/search (search A-Number: "246062747," Country of Birth: "Guatemala") (last accessed November 23, 2026).

Petitioner challenges his arrest and detention on two grounds: unlawful warrantless arrest without probable cause of flight risk (Count One); and failure to make initial custody determination (Count Two). See Petition ¶¶ 25-44. Petitioner invokes the Fifth Amendment Due Process Clause for both claims. See id. ¶¶ 26, 38. Petitioner seeks immediate release without the imposition of any restraints; declaratory and injunctive relief; and fees. See id. at 8-9.

Respondents oppose immediate release, but not a § 1226(a) bond hearing. See Answer at 1-2. Respondents do not contest the Petition's factual allegations or argue exhaustion. Respondents did not lodge any documents.

## III. DISCUSSION

A district court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### A. Sections 1226(a)

In Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior of the United States are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and that § 1226(a) supplies the governing authority.

Under § 1226(a), "[o]n a warrant issued by the Attorney General," a noncitizen may be arrested and detained pending a decision on removal. "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody

determination." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

**B. Warrantless Arrests**

Federal law prohibits a warrantless immigration arrest of a noncitizen in the United States unless, inter alia, the immigration officer has "reason to believe" that the noncitizen is in the United States in violation of immigration law and "is likely to escape before a warrant can be obtained . . . " 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(ii). Under the regulation, at the time of the arrest, the immigration officer shall, "as soon as it is practical and safe," identify themselves as an immigration officer who is authorized to execute an arrest and "[s]tate that the person is under arrest and the reason for the arrest." 8 C.F.R. § 287.8(c)(2)(ii). The regulations establish procedures for warrantless arrests, including a determination within forty-eight hours thereof—unless voluntary departure has been granted or "in the event of an emergency or other extraordinary circumstance"—whether the noncitizen will be held in custody or released on bond or recognizance, and whether a notice to appear and warrant will issue. See 8 C.F.R. § 287.3(d).

In Vasquez Perdomo v. Mullin, the court granted a motion to certify a "Warrantless Arrest Class" defined as: "All persons, since June 6, 2025, who have been arrested or will be arrested in this District for alleged immigration violations without a warrant and without a pre-arrest, individualized assessment of probable cause that the person poses a likelihood of escape." --- F. Supp. 3d ---, 2026 WL 2752137, at *24 (C.D. Cal. Sept. 2, 2026). The Vasquez Perdomo court issued a preliminary injunction enjoining the government from enforcing their policy and practice of making warrantless civil immigration arrests in this District without a prearrest individualized determination by the arresting agent or officer of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as

required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2). See 2026 WL 2751388, at *31.

### C. On this Record, Respondents Have Not Shown "Sufficient Grounds" for Petitioner's Detention

Petitioner contests his warrantless arrest without an individualized finding of flight risk and the Government's failure to make an initial custody determination. See Petition ¶¶ 25-44. Respondents have not contested Petitioner's allegations, arguing instead that this is Petitioner's first detention and "habeas tests the legality of present custody, not the regularity of an antecedent arrest. Even if the arrest was warrantless or otherwise defective, release is not the remedy." Answer at 1-2. Respondents also argue that "due process requires no pre-deprivation hearing, and § 1226 contemplates none." Id.

The Supreme Court has explained that "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the [petitioner] can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (quotation omitted).

If a warrant authorized Petitioner's arrest, Count One fails. If a warrant issued after Petitioner's arrest, Petitioner's custody would now rest on that warrant and his pending removal proceedings, and a defect in the original seizure would not require his discharge. See id.; Bispo Esteves v. Wesling, No. 26-14255, 2026 WL 3083922 (D. Mass. Oct. 15, 2026) (ordering bond hearing rather than release where detention rested on warrant issued day after arrest). In either scenario, the appropriate remedy would be the § 1226(a) procedures, including the bond hearing Respondents do not oppose. See Answer at 1; see

also Hernandez-Ramirez v. Mullin, No. 5:26-CV-05981-DFM, 2026 WL 3169276 (C.D. Cal. Oct. 22, 2026).

However, this record contains neither a warrant nor any indication that one issued before or after Petitioner's arrest. Respondents do not dispute Petitioner's allegations regarding the lack of a warrant, an individualized flight risk determination, or an initial custody determination. See Answer; Reply at 2. Respondents invoke no authority besides § 1226(a), which requires a warrant.

On the other hand, Petitioner recognizes that he is in pending removal proceedings. See Petition ¶ 4. Thus, Petitioner's circumstances differ from those underlying this Court's ruling in Moreno Mendez, in which the petitioner was being held without a pending proceeding. See Moreno Mendez v. Semaia, No. 5:26-cv-06578-DFM, 2026 WL 3459952 at *3 (C.D. Cal Nov. 13, 2026) (granting unopposed petition).

Though the Court recognizes the evolving body of caselaw regarding this question, the Court concludes that on this record, Petitioner's pending removal proceedings are necessary but not sufficient grounds for his detention under § 1226(a). Section 1226(a) requires a warrant, and on this record, it appears that none has issued. Respondents have not contested Petitioner's allegations regarding their failure to meet the requirements of § 1357(a)(2). On this record, Respondents have not shown "sufficient ground" for Petitioner's detention. See Bilokumsky, 263 U.S. at 158; Hernandez-Ramirez, 2026 WL 3169276, at *3 ("If no warrant exists, the result is different. Respondents invoke no detention authority other than § 1226(a), which requires a warrant, and they have shown no facts satisfying § 1357(a)(2).").

Under these circumstances, the Court will grant the Petition and order Petitioner's release on his prior conditions. See, e.g., Xu v. Warden Adelanto ICE Processing Ctr., No. 26-5625, 2026 WL 3223487, at *4-6 (C.D. Cal. Oct.

27, 2026) (collecting cases); Mejia v. Warden, No. 26-5705, 2026 WL 3019449, at *2-2 (C.D. Cal. Oct. 7, 2026) (ordering immediate release on a warrantless arrest claim).

Though Petitioner also requests an injunction forbidding any future re-detention without at least seven days' notice and a pre-deprivation bond hearing before a neutral adjudicator, see Petition at 8-9, the Court declines to order that broader relief. Section 1226(a) authorizes, "[o]n a warrant issued by the Attorney General," arrest and detention pending removal proceedings, and whether future re-detention would be lawful would depend on the facts, statutory authority, and procedures then presented. The present record does not warrant prescribing a burden of proof for all future custody proceedings or adjudicating circumstances that have not occurred. This Order is without prejudice to a future, lawful detention and/or any challenge to the same.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition is **GRANTED** in substantial part.

2. Respondents shall forthwith release Petitioner Francisco Chavez Rivera (A# 246-062-747) on the conditions of release, if any, in effect immediately before his October 20, 2026 detention.

3. Within five (5) days, Respondents shall file a status report confirming compliance with paragraph 3.

4. Petitioner's request for injunctive relief is **DENIED WITHOUT PREJUDICE**.

///

///

///

///

///

5. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: November 24, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge